IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02069-LTB-RTG

JOSHUA ADAM SCHULTE,

    Petitioner,

v.

BAYSTORE,

    Respondent.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Richard T. Gurley, United States Magistrate Judge**

    This matter comes before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7) filed *pro se* by Petitioner Joshua Adam Schulte. Because Petitioner proceeds *pro se*, the Court liberally construes his filings but will not act as an advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). The matter has been referred to this Court for recommendation. (ECF No. 24).

    After reviewing the parties' filings and considering the applicable law, the Court respectfully recommends that the § 2241 application and this action be dismissed.

## THE § 2241 APPLICATION

    Petitioner contends that the "Administrative Maximum Facility in Florence, Colorado ("ADX") is abusing its authority by blocking Special Administrative Measures ("SAMs") inmates from utilizing funds provided by outside individuals to Trust Fund Accounts for use in purchasing commissary," by placing the funds in an "'Administrative

1

Hold' indefinitely." (ECF No. 7 at 2). Next, Petitioner claims that the decision to "block monetary contributions" is "arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or without observance of procedure required by law" in violation of the Administrative Procedures Act ("APA"). (*Id.* at 3). Additionally, Petitioner claims that the government's conduct violates both substantive and procedural due process because he has a clearly protected property interest in his own funds. (*Id.*). Finally, Petitioner claims that he has a "First Amendment Right to receive funds and outside individuals have First Amendment Right to contribute funds," which are being violated by the government's "unlawful attempts to prevent such transactions." (*Id.*). As relief, Petitioner "requests the ability to access and use money deposited in Trust Fund Account like all other inmates." (*Id.* at 5).

## DISCUSSION

The Court reviews the pleadings of a prisoner to determine whether the pleadings should be dismissed summarily. D.C.COLO.LCivR 8.1(b). Under Habeas Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Habeas Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] The Court finds that it plainly appears from the Application that Petitioner is not entitled to habeas corpus relief.

A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). A proper

---

[1] A "district court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254.]" Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

§ 2241 petition challenges "'the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (omission in original) (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993))*.* Indeed, "'[i]t is well-settled law that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil right lawsuits . . . not through federal habeas proceedings.'" *Palma-Salazar v. Davis,* 677 F.3d 1031,1035 (10th Cir. 20120) (quoting *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011)). Thus, to state a claim under § 2241, a petitioner must challenge the fact or duration—and not the conditions—of confinement. In other words, § 2241 is inapplicable where "a favorable resolution of the action would not automatically entitle the prisoner to release." *McIntosh,* 115 F.3d at 812 (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam).On the other hand, "prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) - not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). Thus, constitutional attacks that do not affect the fact or duration of confinement are not grounds for federal habeas corpus relief and therefore should not be brought in a habeas corpus petition. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

      Petitioner's claims are premised on SAMs restrictions that affect his ability to access funds in his trust fund account. He does not challenge the execution of his

3

sentence, and he does not allege that he should be immediately released or that the government has impermissibly increased the duration of his sentence. Thus, even liberally construing his claims, Petitioner has failed to allege a valid factual basis for a § 2241 claim because he complains about the conditions of his confinement, not the execution of his sentence. Therefore, the claims set forth in the instant Application are not cognizable under 28 U.S.C. § 2241.

## RECOMMENDATIONS

For these reasons, it is respectfully recommended that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7) be **denied** and the action be **dismissed**.[2]

DATED December 1, 2025.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).