RE: Schulte v. Baysore, 25-CV-02069
P1/3

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
DEC 26 2025  12/12/25
JEFFREY P. COLWELL
CLERK

## OBJECTION TO MAGISTRATE RECOMMENDATION

The plaintiff objects to the Magistrate's Recommendation, Dkt. 25, dated 12/1/25. I also note for the court that the ADX has banned me from the law library in retaliation for filing the instant case, and I therefore am denied access to the courts. I can perform no legal research, have no access to federal rules, statutes, or published opinions. It is difficult if not impossible to properly meet the 14-day deadline, and hereby request a stay of the court's decision pending resolution of the access issue. Notwithstanding, enclosed herein is my draft without the benefit of case citations or proper legal research simply to demonstrate the merit of my case.

As will be argued below, the Magistrate committed clear, reversible error in his recommendation. My complaint very clearly stated claims under habeas corpus and a civil complaint for injunctive relief; the Magistrate's opinion that I should have filed two complaints — one for habeas and the other civil — seeking the same relief is absurd. Moreover, the Magistrate's belief that the extraordinary action of dismissing the entire complaint — without ever considering the claims seeking injunctive relief — is warranted when a pro se litigant files the wrong paperwork in lieu of a simple transfer to a civil action or at least leave to amend to file the correct paperwork is clear error, especially considering that any dismissal must be without prejudice, simply creating more work for both the plaintiff and the court needlessly.

A. A Joint Habeas-Civil Complaint Properly Filed

Petitioner had claims for both civil actions and habeas actions. As the court has no form for both, filing both would have been an unnecessary waste of judicial resources. Accordingly, it was proper to file both sets of claims under the habeas action; and the court is required to address each of the claims. A failure on the habeas claims cannot result in the dismissal without consideration of the remaining claims.

B. 28 USC § 2241 Claim Cognizable

The Magistrate erroneously found no factual basis for a §2241 claim; Petitioner challenges the execution of his sentence. While pretrial, Petitioner could receive funds in his Trust Fund Account from anyone. After sentenced, the ADX erroneously interpreted Petitioner's sentence to bar and limit others from depositing money into his Trust Fund Account. This is all that is necessary to establish a valid claim.

C. Even if §2241 Claim Insufficient, Remaining Claims Must Be Considered

Even if the §2241 claim failed, the court must consider the remaining civil claims seeking injunctive relief. As argued, supra A, Petitioner was not required to file the civil claims seperately. Accordingly, the court cannot dismiss the complaint without considering the remaining claims seeking injunctive relief — although those claims are brought as a civil action and are not habeas claims.

### D. Pro Se Litigant Cannot Be Punished for Filing Wrong Paperwork

The court must liberally construe a pro se litigant's claims. Thus, even if the court finds the non-habeas claims as incorrectly filed under a habeas action, it should simply convert the complaint to a civil action.

Alternatively, the court should grant leave to amend the complaint. If the court finds that the Petitioner erroneously filed the incorrect paperwork, and it cannot merely treat the action as a civil complaint, then it should permit the Petitioner to amend and file the civil complaint paperwork.

Moreover, as the dismissal would be without prejudice as the merit of the remaining claims seeking injunctive relief were never adjudicated, the Petitioner would just re-file as a civil complaint; it makes no sense to waste both judicial resources and that of the Petitioner to simply reach the same state — the remaining claims filed as a civil action.

## CONCLUSION

The magistrate's recommendation is clear error; it was proper for the plaintiff to jointly file a habeas and civil complaint, and the Court must consider the civil counts seeking injunctive relief regardless the disposition of the habeas count. Alternatively, a pro se petitioner cannot be punished for merely filing the wrong paperwork; the complaint should be considered a civil complaint or leave to amend must be granted to permit the petitioner to file as a civil action especially considering the waste of judicial resources when the complaint is re-filed after dismissal without prejudice.

Respectfully Submitted,

12/12/25

Joshua Schulte, Petitioner

**Federal Rules of Appellate Procedure Form 7. Declaration of Inmate Filing**

United States District Court for the District of **Colorado**

Schulte
)
*Plaintiff,*
)
v.
)
Case No. **25-CV-02069**
)
Baysore
)
*Defendant.*
)

I am an inmate confined in an institution. Today, **12/12/25** [*insert date*], I am depositing the **Objection** [*insert title of document; for example, "notice of appeal"*] in this case in the institution's internal mail system. First-class postage is being prepaid either by me or by the institution on my behalf.

I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C. § 1746; 18 U.S.C. § 1621).

Sign your name here _____

Signed on **12/12/25** [insert date]

[*Note to inmate filers: If your institution has a system designed for legal mail, you must use that system in order to receive the timing benefit of Fed. R. App. P. 4(c)(1) or Fed. R. App. P. 25(a)(2)(C).*]

Name: Joshua Schulte
Reg No: 74710154
U.S. PENITENTIARY MAX.
P.O. BOX 8500
FLORENCE, CO 81226-8500

cm-35-308

ATTN: Schulte v. Baysore, 25-CV-02069
U.S. District Court Colorado
Alfred A. Arraj U.S. Courthouse
901 14th Street
Denver, CO 80294-3589

80294-250151

