IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02069-LTB-RTG

JOSHUA ADAM SCHULTE,

    Applicant,

v.

BAYSORE,

    Respondent.

**RESPONSE TO APPLICANT'S OBJECTION (ECF No. 28) TO
THE MAGISTRATE JUDGE'S RECOMMENDATION**

    Respondent responds to Applicant's objection, *see* ECF No. 28 (filed 12/26/25), to the Magistrate Judge's recommendation to dismiss his § 2241 habeas petition, *see* ECF No. 25. The Magistrate Judge recommended dismissal because Applicant's conditions-of-confinement claims are not cognizable in a habeas action. *See* ECF No. 25 at 2-4.

    Applicant raises three primary challenges (denoted in his objection under four separate headings), none of which has merit. *First*, Applicant argues that the Court was obligated to consider all of his civil and habeas claims, because he was not required to file two separate actions, one habeas action and one civil-rights action. ECF No. 28 at 2 (Parts A and C). *Second*, he argues that the Magistrate Judge erred by characterizing his claims as not challenging the execution of his sentence. *Id.* (Part B). *Third*, he argues that if his action was improperly filed, the Court should "convert the complaint to a civil action" or "grant leave to amend the complaint." *Id.* at 3 (Part D).

    The Court should adopt the Magistrate Judge's recommendation because binding Tenth

1

Circuit precedent dictates that conditions-of-confinement claims must be brought in a civil complaint, not a habeas action, and the Magistrate Judge properly construed Applicant's claims as challenging conditions of his confinement. Finally, the Court should dismiss Applicant's claims without prejudice, consistent with Tenth Circuit directions to district courts in other cases.[1]

## ARGUMENT

### I. Conditions-of-confinement claims cannot be adjudicated in a habeas action.

The Magistrate Judge correctly concluded that conditions-of-confinement claims must be adjudicated through a civil complaint, not a habeas proceeding. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1039 (10th Cir. 2012) (holding that the district court "lacked jurisdiction under 28 U.S.C. § 2241 to consider any of Palma-Salazar's claims," which challenged "the conditions of his confinement"); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (prisoners challenging conditions of their confinement "must do so through civil rights lawsuits . . . —not through federal habeas proceedings"); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (disagreeing with the "statement that a properly filed § 2241 petition can be used to challenge prison 'conditions of confinement'"); *see also Basri v. Barr*, 469 F. Supp. 3d 1063, 1069 (D. Colo. 2020) ("the Tenth Circuit has made clear" that the proper way to challenge "conditions of confinement" is "a civil-rights suit, not a petition under Section 2241"). Applicant is wrong that this Court can adjudicate his claims through a federal habeas proceeding. *See, e.g.*, *Standifer*, 653 F.3d at 1280. The Court should overrule Applicant's objection.

---

[1] Applicant has filed a separate motion regarding his recent lack of access to the electronic law library at his prison. *See* ECF No. 26. Respondent intends to respond separately to that motion. *See* ECF No. 29 (motion for extension of time to respond).

## II. The Magistrate Judge properly construed Applicant's claims.

The Magistrate Judge also correctly construed Applicant's claims as conditions-of-confinement claims because they do "not challenge the execution of his sentence" and he does not seek immediate "release[]" or claim that "the government has impermissibly increased the duration of his sentence." ECF No. 25 at 3-4.

Applicant concedes that his "injunctive relief" claims—Claims 2, 3, and 4, *see* ECF No. 7 at 3—"are not habeas claims." ECF No. 28 at 2. Applicant's only other claim, Claim 1, is styled as "Habeas -- Access to Own Funds," but, like Claims 2, 3, and 4, does not challenge the fact or duration of his incarceration. *See* ECF No. 7 at 2. Rather, Claim 1 alleges that the ADX "is abusing its authority" by preventing him "from utilizing funds provided by outside individuals to Trust Fund Accounts for use in purchasing commissary," in violation of "BOP policy, [and] the First and Fifth Amendments." *Id.* Applicant acknowledges that habeas claims must attack the execution of his sentence but contends that his claim is a habeas claim because he "was never sentenced to a ban of Trust Fund contributions." *Id.*

Applicant's Claim 1 is properly viewed as challenging the conditions of his confinement. It addresses his receipt and use of outside funds to use at the commissary, which is a "quintessential conditions of confinement" claim. *Buhl v. Berkebile*, 612 F. App'x 539, 541 (10th Cir. 2015) (challenge to "segregation" housing and the loss of "telephone and commissary privileges" were "quintessential conditions of confinement" claims," and "§ 2241 is not the appropriate vehicle through which to challenge them").

Applicant's argument that he "was never sentenced to a ban of Trust Fund contributions," ECF No. 7 at 2, is unpersuasive. Any conditions-of-confinement claim could be so framed,

3

erasing the habeas/civil-claim distinction that the Tenth Circuit has strictly maintained. For example, a prisoner, dissatisfied with the temperature of his cell, could plead that he was not sentenced to be housed in a cell that was too hot or too cold. The Court should decline Applicant's invitation to permit litigants to turn core conditions-of-confinement claims into habeas claims. At bottom, Claim 1 does not contend that Applicant is in custody illegally and therefore is not a habeas claim. Applicant's objection should be overruled.

### III. The Court should dismiss Applicant's claims without prejudice.

Lastly, Applicant argues that the Court "should simply convert the complaint to a civil action" or "grant leave to amend the complaint." ECF No. 28 at 3. But the Tenth Circuit has directed district courts to dismiss without prejudice civil claims improperly pleaded in habeas actions.

In *Palma-Salazar*, the Tenth Circuit concluded that the district court "lacked jurisdiction" over conditions-of-confinement claims in a § 2241 proceeding. 677 F.3d at 1038-39. The Tenth Circuit directed the district court "to vacate its judgment and dismiss, without prejudice, Palma-Salazar's 28 U.S.C. § 2241 petition in its entirety for lack of jurisdiction." *Id.* at 1039. In a more recent opinion affirming the district court's decision not to convert a pro se prisoner's claim, the Tenth Circuit noted that "this court has previously directed district courts to dismiss, without prejudice" conditions-of-confinement claims "improperly brought under § 2241." *Crosby v. True*, 826 F. App'x 699, 701 (10th Cir. 2020) (citing *Palma-Salazar*). The Tenth Circuit stated that while "a district court may have discretion to convert a pro se prisoner's claim" in some situations, "nothing in this court's prior rulings indicates that failure to do so is error." *Id.* at 700.

District courts frequently opt to dismiss such claims rather than convert them. In one

4

case where the court concluded it lacked subject matter jurisdiction over a habeas petition, the district court declined the petitioner's request to "convert" the habeas action "into a traditional civil action." *Rios-Bamac v. Lynch*, No. 19-cv-01939-NYW, 2019 WL 13214051, at *7 n.5 (D. Colo. Nov. 20, 2019) (citing *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005), for the proposition that "once a federal court determines that it is without subject matter jurisdiction, it must not proceed to consider any other issue"). In the absence of "any prejudice that will result from having this action dismissed without prejudice," dismissal of a habeas action is appropriate. *See Welker v. Ring*, No. 22-cv-02504-LTB-GPG, 2023 WL 11969257, at *1 (D. Colo. Feb. 16, 2023) (Babcock, J.).

Dismissing Applicant's claims not properly brought in habeas is also consistent with the filing-fee provisions of the Prison Litigation Reform Act. That statute sets forth specific requirements for "[a] prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)-(b). The Tenth Circuit has held that habeas corpus proceedings are not treated as "civil actions" for purposes of § 1915. *See McIntosh*, 115 F.3d at 810-11. In so holding, the *McIntosh* court explained that it did "not create a loophole for abusive prison condition litigation," because "there are logical distinctions between prison condition suits brought under civil rights laws and execution of sentence matters brought under § 2241." *Id.* at 812. Consistent with § 1915 and this holding, Applicant's claims should be dismissed without prejudice so he may raise them in a separately filed civil action (paying the appropriate fee).

Although Applicant argues that it would waste "judicial resources" to require him to refile his claims, it is not clear that converting this action would be administratively easier or more efficient for the Court than having Applicant initiate a new civil action, should he choose to

5

do so.

Finally, although Applicant suggests that he should be granted leave to amend his complaint, he has not filed a motion seeking to amend and cannot seek such relief in his objection to a recommendation. *Cf.* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."). Additionally, the Court has already given Applicant the opportunity to appropriately file his civil claims, when it ordered him to cure deficiencies in his original complaint and explained the difference between habeas and civil claims, *see* ECF No. 4 at 2-4, and he declined to do so. Respondent submits that the Court should adopt the recommendation and dismiss the Application without prejudice.

## CONCLUSION

Respondent respectfully requests that the Court overrule Applicant's objections, adopt the recommendation, and dismiss the Application without prejudice.

Dated: January 9, 2026.

        Respectfully Submitted,

        PETER MCNEILLY
        United States Attorney

        <u>s/Thomas A. Isler</u>
        ***Thomas A. Isler***
        Assistant United States Attorney
        U.S. Attorney's Office
        1801 California Street, Suite 1600
        Denver, CO 80202
        Telephone: (303) 454-0336
        Email: thomas.isler@usdoj.gov
        *Counsel for Respondent*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 9, 2026, I electronically filed the foregoing with the Clerk of Court using the ECF system, and a copy of the foregoing, along with printed copies of all authority cited therein, will be mailed to the following via U.S. Mail on the next business day, January 12, 2026:

Joshua Adam Schulte
Reg. No. 79471-054
U.S. Penitentiary - Administrative Maximum
P.O. Box. 8500
Florence, CO 81226
Applicant pro se

                                            s/Thomas A. Isler
                                            ***Thomas A. Isler***
                                            United States Attorney's Office