IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02069-LTB-RTG

JOSHUA ADAM SCHULTE,

    Applicant,

v.

BAYSORE,

    Respondent.

---

**RESPONSE TO APPLICANT'S MOTION REGARDING
COMPUTER ACCESS (ECF No. 26)**

---

Respondent responds to Applicant's motion in which he seeks an order restoring his access to his prison's electronic law library and "discovery computers." ECF No. 26 at 2 (filed 12/15/25). He contends that the government, by revoking his access to the electronic law library and electronic "discovery" and his own legal "work product," is retaliating against him for filing this habeas action and violating his constitutional rights. *Id.* at 1. The Court should deny the motion. Applicant fails to show that his right of access to courts is being violated with respect to this action, and in any event the relief he seeks is not available in habeas, not related to the allegations in his underlying habeas application, and not justified under the circumstances.

**BACKGROUND**

Giving computer or network access to Applicant presents an unusually high risk. Applicant is currently serving a 40-year sentence at the U.S. Penitentiary - Administrative Maximum ("ADX") for, among other things, the theft and transmission of classified CIA information, unauthorized accessing and manipulation of CIA computer systems, and causing

1

transmission of a harmful computer program.  *See* Judgment in a Criminal Case at 1-2, *United States v. Schulte*, No. 17-cr-548 (S.D.N.Y. Feb. 5, 2024), ECF No. 1124.  The sentencing judge noted that "[i]t is hard to overstate the seriousness of the espionage offenses.  This was the largest leak in CIA history and one of the largest unauthorized disclosures of classified information in the history of the United States."  Transcript (2/1/24) at 60:7-10, *United States v. Schulte*, No. 17-cr-548 (S.D.N.Y. Mar. 26, 2024), ECF No. 1136 (Furman, J.).  That court characterized Applicant's computer crimes as "a digital Pearl Harbor" that caused "an immediate and catastrophic effect on the CIA and caused untold damage to national security" and hundreds of millions of dollars in damage.  *Id.* at 63:10-25.

Applicant continued to pose a threat after his arrest.  He made further "efforts to leak additional classified information from jail" and declared "information war on the United States." *Id.* at 63:2-8; *see also id.* at 69:11-15 (noting that he "doubled-down, even tripled-down" on the "conduct that got him here" "while he was incarcerated").  Applicant also abused computer privileges in custody by creating a "15-gigabyte encrypted partition" on a "discovery laptop" that was provided to him in connection with his criminal defense and onto which he loaded "2400 images and videos of child pornography that he viewed even while in jail and during the trial on the espionage counts."  *Id.* at 63:12-20 (noting that, at the time of Applicant's sentencing, the government still "has not been able to access" the encrypted partition).  He was convicted of the receipt, possession, and transportation of child pornography in electronic format.  *See* Judgment at 2-3, *Schulte*, No. 17-cr-548, ECF No. 1124.  He has previously been ordered to refrain from possessing or using a computer, computer network, or internet access, *see id.*, ECF No. 9 (bail conditions), and denied requests to possess a computer in other jurisdictions, *see id.*, ECF No.

946 at 5 ("providing a laptop to Defendant goes far beyond what the law requires for any defendant - let alone a defendant who has been convicted of various computer-related offenses and may well have violated prior Court orders with respect to the use of the laptop given to him to prepare for trial"); *see also Schulte v. United States*, No. 22-cv-5841, 2023 WL 3688106, at *1-2 (E.D.N.Y. May 25, 2023) (denying a Rule 41(g) motion for return of a laptop and declining to exercise jurisdiction in part because a judge in the Southern District of New York had already denied Applicant's motion to return his laptop).

When an intelligence analyst working at the ADX observed Applicant accessing the discovery computer last November, she voiced concerns to other prison officials about Applicant's computer access, knowing of his capabilities and history of computer-related crimes. *See* **Exhibit 1**, Declaration of K. Hicks ¶¶ 1, 8-9. After conducting a formal review, the BOP determined that Applicant should be designated, under BOP policy, as an inmate who should not be given computer access, based on his computer knowledge and capabilities; his personal history and past computer crimes; the potential threats his computer access could pose; and communications restrictions imposed by the Attorney General, among other things. *Id.* ¶¶ 11-13. The decision to revoke Applicant's computer access was not an effort to retaliate against him for his legal activities. *Id.* ¶ 13.

Applicant filed this habeas action last summer under 28 U.S.C. § 2241, asserting conditions-of-confinement claims for alleged violations of the First and Fifth Amendments and the Administrative Procedure Act based on his alleged lack of access to money in his prison Trust Fund Account. *See* ECF No. 7 at 2-3. On December 1, 2025, the Magistrate Judge recommended that the application be denied because the conditions-of-confinement claims "are

not cognizable under 28 U.S.C. § 2241." ECF No. 25 at 4. Applicant objected to the recommendation. *See generally* ECF No. 28.

In this motion, Applicant asks the Court to restore his access to the electronic law library and discovery computers, which he says was revoked in November 2025 in retaliation for filing this habeas action. *See generally* ECF No. 26. He asks the Court to "order the ADX to return my access to the law library and discovery computers . . . ." *Id.* at 2.

Respondent has provided Applicant with paper copies of all cases, statutes, regulations, or rules cited in the Magistrate Judge's recommendation. Respondent has provided Applicant with printed copies of these authorities cited in Respondent's legal argument in response to Applicant's objection, ECF No. 30, and will provide the same authorities cited in the legal argument of this filing (that have not been previously printed and provided to Applicant).

**ARGUMENT**

The Court should deny the motion. As an initial matter, Applicant cannot establish a violation of his right of access to the courts, because he fails to identify any injury or prejudice stemming from his recent lack of access to the electronic law library or his discovery computer with respect to any nonfrivolous habeas claims. If this habeas action is dismissed (as it must be), Applicant will not lose his right to pursue his conditions-of-confinement claims; he simply must pursue them in a civil complaint, "as the Tenth Circuit has made clear." *Basri v. Barr*, 469 F. Supp. 3d 1063, 1066-67, 1069 (D. Colo. 2020) (citing *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012)). And Applicant has presented his objections and arguments to the recommendation, explaining his theory that the Court should adjudicate his conditions-of-

4

confinement claims in this habeas action.[1]  Because Applicant cannot establish that his right of access to courts has been violated, the Court should deny his motion.

Other reasons also counsel against granting the requested relief.  *First*, under Tenth Circuit precedent, the Court lacks jurisdiction to consider non-habeas claims in a habeas action, and Applicant's requested injunctive relief seeks non-habeas relief.  *Second*, Applicant is effectively advancing a premature First Amendment claim for injunctive relief, because he has not exhausted this claim under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) and has not given the government a full opportunity to review his grievance administratively.  If Applicant exhausts his grievance through the administrative remedy program, if the grievance is not resolved to Applicant's satisfaction, *and* if Applicant chooses to bring a claim to the Court based on his right of access to courts, the Court may adjudicate the claim at that time, outside the habeas context.  *Third*, the relief Applicant seeks is unjustified, because, among other things, it is related to *other* actions—*i.e.*, not this habeas action—in which he is represented by counsel.  *Fourth*, if the Court is not inclined to accept these arguments, further factual development is needed before granting Applicant's motion, particularly because courts in other jurisdictions have previously denied Applicant's prior requests for computer access.

---

[1] Applicant's conditions-of-confinement claim cannot survive in this habeas action, per binding Tenth Circuit precedent, as the Magistrate Judge noted in his recommendation.  *See* ECF No. 25 at 3.  The Magistrate Judge also previously explained this point last summer, when Applicant had access to the electronic law library, in an order to cure deficiencies in the original application.  *See* ECF No. 4 at 2-3 (explaining that challenges to "the execution of his sentence" must be filed in a habeas action but "claims for declaratory/injunctive relief" must be filed in "a Prisoner Complaint").

5

## I. Applicant fails to establish that he has been denied access to the courts.

Prisoners enjoy a "right of *access to the courts*," but there is "no such right" to "a law library or to legal assistance," per se. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). "[M]eaningful access to the courts is the touchstone" of the right, and inmates must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim" that is nonfrivolous. *Id.* at 351, 353.

Applicant does not establish his right of access to the courts has been violated, for two primary reasons. First, even if his claims are dismissed, they will be dismissed without prejudice; his efforts to pursue a nonfrivolous legal claim will not be hindered. Second, Applicant cannot show prejudice because the Magistrate Judge's recommendation of dismissal is correct and compelled by binding precedent. Applicant simply misapprehends how he may bring non-habeas claims in this circuit.

**Dismissal without prejudice would preserve Applicant's claims.** Even if Applicant's claims are dismissed for not being cognizable in habeas, he does not risk losing his right to pursue the claims, because any dismissal would be without prejudice to him filing a civil complaint. He only would be prevented from pursuing those claims in a habeas action, which—as the Magistrate Judge's recommendation correctly noted—the law does not permit. To show that his right of access to courts has been violated, Applicant must show that his efforts to bring a nonfrivolous claim has been hindered. But, here, adopting the Magistrate Judge's recommendation would merely uphold Tenth Circuit law about how such claims must be filed in

federal court. His ability to pursue those claims in a civil action, should he choose to do so, will be preserved.[2]

The Court has already given Applicant the opportunity to file his claims properly. In response to Applicant's original habeas petition—last July, when Applicant contends he still had electronic-law-library access, *see* ECF No. 26 at 1 (alleging that access was removed on November 13, 2025)—the Magistrate Judge explained that "prisoners who wish to challenge conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits . . . —not through federal habeas proceedings." ECF No. 4 at 2 (quoting *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011)). The Magistrate Judge directed Applicant to cure deficiencies with his original application and to file an application for a writ of habeas corpus "[i]f he is challenging the execution of his sentence" or a civil complaint "[i]f he is asserting claims for declaratory/injunctive relief," and to pay the corresponding fee ($5 for a habeas petition or $405 for a civil complaint). *Id.* at 2-3. Failing to heed this order, Applicant filed his current habeas petition asserting his conditions-of-confinement claims about access to

---

[2] Applicant is well aware of how to file a civil complaint, having filed well over a dozen such complaints in the last few years. *See Schulte v. United States*, No. 21-cv-4800 (S.D.N.Y. May 28, 2021); *Schulte v. United States*, No. 21-cv-4042 (S.D.N.Y. June 4, 2021); *Schulte v. United States*, No. 21-cv-5061 (S.D.N.Y. June 8, 2021); *Schulte v. United States*, No. 21-cv-5173 (S.D.N.Y. June 10, 2021); *Schulte v. United States*, No. 21-cv-5168 (S.D.N.Y. June 10, 2021); *Schulte v. United States*, No. 21-cv-5213 (S.D.N.Y. June 11, 2021); *Schulte v. United States*, No. 21-cv-5313 (S.D.N.Y. June 15, 2021); *Schulte v. United States*, No. 21-cv-5554 (S.D.N.Y. June 24, 2021); *Schulte v. United States*, No. 21-cv-5722 (S.D.N.Y. July 1, 2021); *Schulte v. United States*, No. 21-cv-5871 (S.D.N.Y. July 6, 2021); *Schulte v. United States*, No. 21-cv-5851 (S.D.N.Y. July 6, 2021); *Schulte v. United States*, No. 21-cv-6504 (S.D.N.Y. July 30, 2021); *Schulte v. Ma'at*, No. 23-cv-5241 (E.D.N.Y. July 7, 2023); *Schulte v. Denton*, No. 23-cv-5656 (E.D.N.Y. July 24, 2023); *Schulte v. United States*, No. 23-cv-8513 (E.D.N.Y. Nov. 14, 2023); *Schulte v. Federal Bureau of Prisons*, No. 24-cv-332 (E.D.N.Y. Jan. 11, 2024).

funds in his Trust Fund Account. *See* ECF No. 7 at 2-3. The Magistrate Judge recommended dismissal, because Applicant "does not challenge the execution of his sentence, and he does not allege that he should be immediately released or that the government has impermissibly increased the duration of his sentence." ECF No. 25 at 3-4. The Magistrate Judge correctly concluded that "the claims set forth in the instant Application are not cognizable under 28 U.S.C. § 2241." *Id.* at 5; *see also* ECF No. 30 at 2-6 (responding to Applicant's objection to the recommendation). Requiring Applicant to pursue his claims through a civil complaint does not hinder his ability to seek relief. Therefore, dismissing this action without granting Applicant additional injunctive relief would cause him no cognizable injury.

**Applicant does not identify a nonfrivolous *habeas* claim that he is being hindered from pursuing.** Applicant further fails to establish a right-of-access violation because he does not identify any viable habeas claims that he cannot pursue in this action, due to his access to the electronic law library, and non-habeas claims cannot be considered in this action. The Magistrate Judge is correct that conditions-of-confinement claims are not cognizable in habeas. Tenth Circuit precedent compels this conclusion. *See Palma-Salazar*, 677 F.3d at 1039 (holding that the district court "lacked jurisdiction under 28 U.S.C. § 2241 to consider any of Palma-Salazar's claims," which challenged "the conditions of his confinement"); *Standifer*, 653 F.3d at 1280 (prisoners challenging conditions of their confinement "must do so through civil rights lawsuits . . . —not through federal habeas proceedings"); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (disagreeing with the "statement that a properly filed § 2241 petition can be used to challenge prison 'conditions of confinement'"); *see also Basri*, 469 F.

Supp. 3d at 1069 ("the Tenth Circuit has made clear" that proper way to challenge "conditions of confinement" is "a civil-rights suit, not a petition under Section 2241").

Applicant does not advance any claims seeking proper *habeas* relief in his motion or his application. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) ("the named plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim"). Thus, in the context of this habeas action, Applicant fails to identify a nonfrivolous, arguable *habeas* claim that he is being hindered from pursuing. Indeed, the Court lacks jurisdiction to consider Applicant's claims in this action. *See, e.g.*, *Palma-Salazar*, 677 F.3d at 1039.

No amount of law library access for Applicant at this juncture would yield a different conclusion. The problem with Applicant's argument is not that he lacks supporting citations but that his theory is foreclosed by controlling precedent. *See, e.g., id.* Even so, however, Applicant *has* presented his arguments to this Court. He had the opportunity to cure the deficiencies in his original habeas application. *See* ECF Nos. 4, 7. And he has advocated for a contrary position in his objection to the Magistrate Judge's recommendation. *See* ECF No. 28 at 2 (arguing that "it was proper to file both sets of claims under the habeas action"). He has not been denied an opportunity to present claims or arguments to the Court.[3] No further injunctive relief is warranted or needed in this habeas action to protect Applicant's right of access to courts, based on the claims and arguments Applicant is pursuing.

## II. The Court should deny the motion for several other reasons.

Even if Applicant had established a violation of his right of access to the courts (which he

---

[3] Respondent notes that Applicant quotes and cites case law in his motion complaining of lack of access to the electronic law library. *See* ECF No. 26 at 2.

has not), there are several other reasons why the Court should decline to grant Applicant's motion to restore his computer access.

*First*, as noted above, this Court lacks jurisdiction to consider non-habeas claims in a habeas action. *See Palma-Salazar*, 677 F.3d at 1038-39 (holding that the district court "lacked jurisdiction" over claims "properly construed as a challenge to the conditions of his confinement" in a § 2241 action); *Basri*, 469 F. Supp. 3d at 1069 (noting that the "remedy" for noncustodial challenges by prisoners is only available in a civil-rights suit, not a § 2241 action). The relief Applicant seeks in this motion is unrelated to the fact or duration of his custody and therefore cannot be awarded in this action.

*Second*, in his motion, Applicant effectively alleges a new constitutional violation not pleaded in, and unrelated to, his underlying habeas petition (which concerns access to his Trust Fund Account) and seeks distinct injunctive relief. Applicant, as the party seeking an injunction, must show that the relief he seeks is sufficiently related to the conduct asserted in the application. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citing *Penn v. San Juan Hosp. Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)). Here, he has not made that showing—the allegations in his motion about access to electronic resources are unrelated to the allegations in the application about his Trust Fund Account.

Moreover, the new claim Applicant purports to bring is not properly exhausted. Before a prisoner can bring a claim in federal court, he must give the government an opportunity to address his complaint through the established administrative remedy program. No claim may be brought that has not been fully exhausted. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted."); *see also May v. Segovia*, 929 F.3d 1223, 1226-17 (10th Cir. 2019) ("Any prisoner who seeks to bring a claim involving 'general circumstances or particular episodes' of prison life must first exhaust the administrative remedies available to him in prison.") (citations omitted). One reason for this requirement is to "allow[] prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Applicant contends that he started the administrative exhaustion process by making the initial (BP-8) submission, but he does not assert that he completed any of the other required steps in the administrative-remedy process. *See* ECF No. 26 at 1. Because Applicant's complaint could be resolved through the administrative remedy program, and because Applicant cannot bring unexhausted claims in federal court, the Court should decline to order Applicant's requested relief, without prejudice to Applicant bringing the claims in the future.

*Third*, the relief that Applicant seeks is at least partially unrelated to this action or is otherwise unjustified. Applicant asserts that his access to electronic discovery has been revoked, but no discovery has been exchanged (or likely will be exchanged) in this habeas action. Unlike ordinary civil litigation, parties in a habeas case are not entitled to discovery as a matter of course. *Cf.* Rules Governing Section 2254 Cases in the United States District Courts, Rule 6(a) (setting out specific procedures in which the court may order discovery in a habeas case "for good cause"). If Applicant seeks access to discovery materials related to his criminal or other pending civil cases, the Court should deny this motion without prejudice to permit him to pursue relief through appropriate channels or properly presented claims. Applicant is represented by counsel in his criminal appeal and his primary, consolidated civil action. *See United States v.*

*Schulte*, No. 25-1850 (2d Cir. July 28, 2025) (criminal appeal); *Schulte v. United States*, No. 21-cv-4042 (S.D.N.Y. June 4, 2021) (consolidated civil action).

To the extent Applicant suggests that his access to his own work product for *this* action has been confiscated, he fails to articulate what missing material he needs to respond to the Magistrate Judge's recommendation. And, as discussed above, Respondent has provided (or is providing) Applicant with written copies of all authorities cited by the Magistrate Judge and in Respondent's recent filings. Because Applicant fails to identify how access to his work product is hindering his pursuit of nonfrivolous claims in this habeas action, no relief is warranted.

*Fourth,* to the extent the Court is inclined to reject these arguments, it should not grant Applicant's motion absent further factual development. Because Applicant presents this new claim in a two-page motion that lacks detail, the potential arguments and corresponding defenses regarding the risks of Applicant's computer access have not been fully developed. As noted above, courts in other jurisdictions have denied prior requests by Applicant for access to computers, and Applicant's abuse of computer access is well-documented. Under these circumstances, the Court should not award injunctive relief on an incomplete record.

\*   \*   \*

In sum, Applicant's complaints about computer access are unavailing in the context and posture of this case and not appropriately presented in habeas litigation. Under these circumstances, in particular, federal court intervention into "the day-to-day management" of the ADX is not warranted. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995) (disapproving of "the involvement of federal courts in the day-to-day management of prisons"). If Applicant's right of access to the courts were somehow hindered in connection with a future claim, the Court could

appropriately deal with the allegation at that time, in the appropriate (non-habeas) context, after the BOP has had a chance to fully review Applicant's grievance.

## CONCLUSION

Respondent respectfully requests that the Court deny Applicant's motion, ECF No. 26.

Dated: January 12, 2026.

        Respectfully Submitted,

        PETER MCNEILLY
        United States Attorney

        s/Thomas A. Isler
        ***Thomas A. Isler***
        Assistant United States Attorney
        U.S. Attorney's Office
        1801 California Street, Suite 1600
        Denver, CO 80202
        Telephone: (303) 454-0336
        Email: thomas.isler@usdoj.gov
        *Counsel for Respondent*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 12, 2026, I electronically filed the foregoing with the Clerk of Court using the ECF system and have directed staff at the United States Attorney's Office to serve the foregoing, and paper copies of legal authorities cited in Respondent's legal argument, on the following parties via U.S. Mail:

      Joshua Adam Schulte
      Reg. No. 79471-054
      U.S. Penitentiary - Administrative Maximum
      P.O. Box. 8500
      Florence, CO 81226
      Applicant pro se

      I further certify that copies of authorities cited in Respondent's filing at ECF No. 30 were mailed to Applicant at the above address on January 12, 2026

                                    s/Thomas A. Isler
                                    ***Thomas A. Isler***