# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02069-LTB-RTG

JOSHUA ADAM SCHULTE,

    Petitioner,

v.

D. BAYSORE, Warden,

    Respondent.

---

## DECLARATION OF K. HICKS

---

I, K. Hicks, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information known to me from official records reasonably relied upon by me in the course of my employment, hereby declare as follows related to the above-titled matter:

1. I am an Intelligence Analyst in the Counter Terrorism Unit of the Intelligence and Counter Terrorism Branch of the Bureau of Prisons, with a duty station of the United States Penitentiary – Administrative Maximum ("ADX"), located in Florence, Colorado. I have held this position since August 13, 2023. I have been employed by the Bureau in positions of increasing responsibility since July 29, 2012.

2. In my position, I am responsible for gathering, analyzing, and interpreting information regarding members of international and domestic terrorist groups within the Bureau of Prison's ("BOP") custody. I serve as the BOP's liaison with local Federal law enforcement task force operations, law enforcement intelligence consortiums, and similar groups/activities that provide intelligence information regarding offenders already in BOP's custody.

3. In my employment, I have access to records maintained in the ordinary course of business by the Federal Bureau of Prisons ("Bureau"), including inmate central files, disciplinary records, and sentencing records, among others. These records are made at or near the time described in the documents by, or from information transmitted by, someone with knowledge or through automated systems. Making these records is a regular practice of the Bureau.

4. I am familiar with the applicant in this action, Joshua Schulte, Register Number 79471-054. I am aware of Mr. Schulte's crimes, extensive computer knowledge, and his software engineering background. A large portion of my workload is comprised of inmates subject to Special Administrative Measures ("SAM"), 28 U.S.C. § 501.2, and Mr. Schulte has been subject to a SAM since October 26, 2018. Mr. Schulte's SAM, which was last renewed in October 2025, places certain restrictions on Mr. Schulte's communications, among other things.

5. BOP inmates convicted of computer crimes, or who used computers in the commission of their crimes are prohibited from work assignments involving computers and may be given the designation of "COMPUTR NO." Inmates with this designation have their access to computers throughout the prison reviewed.

6. At the BOP's discretion, inmates may receive the "COMPUTR NO" designation upon intake or during periodic team reviews, if, among other things: (1) an inmate has a personal history of extensive computer knowledge and abilities; (2) an inmate previously exchanged computer data files of pornographic images; (3) an inmate's offense conduct or personal history indicates a propensity to offend through the use of electronic messaging; or (4) an inmate's access to computers poses a realistic threat to the safety, security, and orderly operation of Bureau facilities, or protection of the public.

  7. Inmates at the ADX access the Electronic Law Library through TRULINCS computer stations. TRULINCS stands for Trust Fund Limited Inmate Computer System.

  8. On November 13, 2025, I observed Mr. Schulte accessing the discovery computer in his housing unit. I knew the Mr. Schulte has extensive computer knowledge and a history of computer-related crimes, including hacking CIA computers and sharing classified information.

  9. On November 14, 2025, I shared my observation with various stakeholders at the ADX, other components of the BOP, and the prosecutors and counterintelligence monitors familiar with Mr. Schulte.

  10. On November 14, 2025, the Associate Warden authorized the disabling of Mr. Schulte's access to the Electronic Law Library through the TRULINCS station.

  11. On November 18, 2025, various BOP employees considered whether Mr. Schulte should receive a "COMPUTR NO" designation. The designation was approved based on Mr. Schulte's extensive computer knowledge and abilities and misuse of government computers; his child pornography crimes; his offense conduct that indicated a propensity to offend through the use of electronic messaging; the determination that his access to computers poses a realistic threat to the safety, security, and orderly operation of BOP facilities or protection of the public; and his SAM restrictions.

  12. On November 18, 2025, Mr. Schulte's Electronic Law Library account was disabled.

  13. I am aware Mr. Schulte has filed a motion seeking to restore his computer access, ECF No. 26. I am aware that he alleges "the ADX retaliated against [him] for filing the instant case by removing my access to the law library and my electronic discovery . . . ." ECF No. 26 at

1. To the best of my knowledge, Mr. Schulte's "COMPUTR NO" designation was approved based on his personal history, criminal offenses, computer knowledge and abilities, and the threats that his computer access could pose—not retaliation for his legal activity.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. 28 U.S.C. § 1746.

    Executed this __12th__ day of January 2026, in Florence, Colorado.

KARI HICKS
Digitally signed by KARI HICKS
Date: 2026.01.12 09:25:51 -07'00'

K. Hicks
Intelligence Analyst
ADX Florence
Federal Bureau of Prisons

4