Schulte v. Baysore, 25-CV-02069

# REPLY MOTION REGARDING COMPUTER ACCESS

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JAN 26 2026
JEFFREY P. COLWELL
CLERK

The government's 1/12 Response, Dkt. 31, completely misses the point. I am unable to litigate the Court's sua sponte Recommendation of Dismissal or even the government's response because I have no ability to conduct any legal research. See Bounds v. Smith, 430 U.S. 817, 821 (1977). The government goes so far to quote Lewis v. Casey, 518 U.S. 343, 351 (1996) (inmates must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim"); I have done just this — I have no library or legal assistance program available to me.

 I have no access to research the court's argument, the government's argument, nor the ability to research a legal argument in defense.

 For example, if I had access, I would develop and research arguments that (1) My complaint clearly stated claims for relief that were non-habeas in nature (see Counts 2-4 of the complaint), that I am not obligated to file separate civil actions for those claims, and that the Cv. R. clearly support this conclusion; (2) if not, the court should merely convert the case to a non-habeas civil action in lieu of wasting court resources on a dismissal without prejudice. and support this conclusion with clear case law.

 I am unable to do any of these things nor conduct any legal research to support my arguments. I therefore have no access to the courts and the Court must adopt my motion.

The government's remaining arguments are likewise unpersuasive. I have no need to exhaust administrative remedies while I have a case pending with no access to the courts. Though, once again I can provide no citations without access to any. I will note for the court that the government's references to my previous filed cases, at 7 n.2, include complaints filed under habeas §2241 combined with counts of non-habeas claims and motions for relief like the instant motion when I was denied access to pens, paper, and stamps, and therefore access to the courts — with no need to exhaust administrative remedies nor file separate actions.

Finally, the issue at hand. I note for the court that the government claims the restricted access was not in retaliation for the instant civil complaint, but the entire time I was held in New York after conviction in 2022, my time at the Penitentiary, and the FULL YEAR I was at the ADX before filing the instant complaint — no such restriction was ever imposed.

Moreover, the government does not claim I ever violated any BOP terms-of-service for its law library or discovery computer. The government's audit found no violation of either computer at the ADX.

Even more importantly, the court should know the computers are standalone, non-networked computers that could provide no conceivable benefit from any exploitation. The discovery computer auto reboots every two hours and executes a snapshot reversion so that any actions taken are all reset. The law library merely opens a virtual machine that provides standalone access to LEXIS NEXUS. It is neither possible nor beneficial to exploit such systems that are non-networked, standalone. Thus the denial for me to access them is punitive

I have clearly shown a denial of access to the courts; that without any access to a law library I cannot research nor present arguments to counter the court's Recommendation of Dismissal. I have shown that the restriction of my accesses only ~~occurred~~ occurred after the filing of this complaint despite a year of ~~good~~ good conduct at the ADX, 6 months of good conduct at the Penitentiary, and no finding by the prison's audit of any misuse of the computers. I have shown that the computers at the ADX are standalone, non-networked systems that could not conceivably provide any benefit to exploitation and no reason why any of the training and experience I may possess would require a ban from such computers.

The court should grant my motion, and order the ADX and BOP to provide access to "any and all computers and IT systems or platforms that all other inmates in my housing unit are provided."

Respectfully Submitted,

Josh Schulte

4/15/26

DENVER CO 802

24 JAN 2026 PM 4 L

Name: Schulte, Joshua
Reg. No.: 74471054
U.S. Penitentiary Max.
P.O. Box 8500
Florence, CO 81226-8500

CM-26-004

ATTN: Schulte v. Baysore, 25-CV-02069
U.S. District Court for Colorado
Alfred A. Arraj U.S. Courthouse
901 19th Street
Denver, CO 80294-3589

80294-350151